LENKIEWICZ *v.* KASTNER.

1. WITNESSES—HUSBAND AND WIFE—ALIENATION OF AFFECTIONS.
   In action by husband for alienation of affections of wife whom he afterward divorced, wife's testimony that plaintiff had mistreated her, and that she had no affection for him before she met defendant, her present husband, is admissible under 3 Comp. Laws 1915, § 12555; said testimony having no reference to any communication made by one to the other during marriage, and no adultery having been charged in declaration.

2. APPEAL AND ERROR—TESTIMONY ADMITTED WITHOUT OBJECTION.
Assignment of error relative to alleged improper testimony received without objection is not reviewable.

Error to Wayne; Brown (William B.), J., presiding. Submitted October 8, 1929. (Docket No. 8, Calendar No. 33,951.) Decided December 3, 1929.

Case by Joseph Lenkiewicz against Steve Kastner for alienation of affections of plaintiff's wife. From a judgment for plaintiff, defendant brings error. Reversed, and new trial ordered.

*William Look,* for plaintiff.

*Savery, McKenzie & Hamilton,* for defendant.

NORTH, C. J. Plaintiff brought this suit for alienation of his wife's affections, and took judgment for $1,000. Before the trial of this case, plaintiff had divorced his wife, and she had married the defendant, Kastner. She was called by the defendant as a witness in his behalf, and asked:

"Now, I will ask you again whether at any time during the time that you lived with your husband as husband and wife, whether he struck you?"

Upon objection by plaintiff's counsel, the court said:

"As to the acts of her husband toward her or what he said, I will hold that they are prohibited by the statute. As to her condition of mind, as to something of that kind, she isn't prohibited, that is not a prohibited matter, privileged matter, but of course that is another matter."

As disclosed by the opening statement of defendant's counsel, he proposed to show that the plaintiff

"beat her, kicked, bruised and mistreated her and that a long time before she met this man in her mind she had no affection, no love for the plaintiff." The ruling of the circuit judge which excluded the answer to the question above quoted was erroneous. Plaintiff's divorced wife was competent to testify against him except as to matters within the prohibition of the statute (3 Comp. Laws 1915, § 12555), which provides:

"A husband shall not be examined as a witness for or against his wife without her consent; nor a wife for or against her husband without his consent (except in certain specified cases with which we are not concerned); * * * nor shall either, during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage, but in any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify."

At the time of the trial, Mrs. Kastner was no longer the wife of the plaintiff; therefore she did not come within the first provision of the statute. The declaration in this case does not charge adultery, and therefore the competency of the wife to testify is not controlled by the statutory clause last above quoted. Nor did the question call for testimony from the plaintiff's former wife which would reveal "any communication made by one to the other during the marriage." The fact, if it was a fact, that plaintiff had beaten and mistreated the witness, and that in consequence thereof she lost all affection for him, was material to the defense, and exclusion of the testimony sought to be elicited was prejudicial.

"In an action by a husband for the alienation of his wife's affections, the divorced wife was a com-

petent witness as to acts of physical violence by plaintiff toward her, and her feeling toward, and affection for, him; the action not being instituted in consequence of adultery.'' *Hendrickson* v. *Harry,* 200 Mich. 41, quoting syllabus.

Some improper testimony was received in behalf of plaintiff, but without objection by the defendant. We will not review assignment of error made relative thereto. No other question of merit is presented by the record which is liable to arise incident to a retrial of the case.

For the reason above indicated, the judgment of the lower court is reversed, and a new trial ordered. The appellant will have costs of this court.

FEAD, BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.